UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

WILMER NAVARRO,                                                  Case No.:

                    Plaintiff,

      -against-                                                  **COMPLAINT**

BAIS TZIPORAH INC. d/b/a BOIS TZIPORAH
and MOSHE MELAMED,
individually,
                    Defendants.

------------------------------------------------------------------------X

Plaintiff Wilmer Navarro (hereinafter referred to as "Navarro" or "Plaintiff"), on behalf of himself, by and through his attorneys, The Law Offices of Jacob Aronauer and Campolo, Middleton & McCormick, LLP, complaining of Bais Tziporah Inc. ("Bais Tziporah"), and Moshe Melamed ("Melamed"), individually (collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked as a handyman to maintain and clean the buildings and school buses for Bais Tziporah, a company owned and operated by Melamed.

2. Defendants failed to provide compensation to Plaintiff throughout Plaintiff's employment with Defendants.

3. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and NYLL during his employment with Defendants.

4. Plaintiff also brings this action under the Wage Theft Protection Act, due to Defendants' failure to provide written notice of wage rates and wage statements in violation of the NYLL.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the NYLL.

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## **PARTIES**

**Plaintiff Wilmer Navarro**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Kings County, New York.

10. Plaintiff worked at Defendants from on or about September 2016 through on or about April 2020.

11. Plaintiff was employed by Defendants as a handyman.

12. As a handyman, Plaintiff was responsible for regularly performing maintenance jobs and light repairs, helping the cleaners to clean the buildings, washing the school buses, and sometimes making repairs at houses or apartments that the manager would take him to.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Bais Tziporah Inc.**

14. Bais Tziporah is, upon information and belief, a New York corporation with its principal business address located at 1449 39th Street, Brooklyn, New York 11218.

15. Upon information and belief, Melamed is the principal of Bais Tziporah.

16. Upon information and belief, Bais Tziporah is engaged in interstate commerce, and generates annual revenues in excess of $500,000 per year for each year relevant to Plaintiff's claims.

**Defendant Moshe Melamed**

17. Upon information and belief, Melamed is the principal of Bais Tziporah and maintains control, oversight and direction over Bais Tziporah.

18. Melamed is a person engaged in business in Kings County who is sued individually in his capacity as an owner, officer and/or agent of Bais Tziporah.

19. Melamed exercises sufficient control over Bais Tziporah to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Bais Tziporah.

20. Melamed had substantial control over Plaintiff's working conditions and practices alleged herein.

## FACTS

**Plaintiff Wilmer Navarro's Employment with Defendants**

21. Plaintiff worked as a handyman for Defendants from on or about September 2016 through on or about April 2020.

22. Plaintiff worked at Defendants' school located at 1449 39th Street, Brooklyn, NY 11218.

23. Plaintiff's job duties primarily included regularly performing maintenance jobs and light repairs, helping the cleaners to clean the buildings, washing the school buses, and sometimes make repairs at houses or apartments.

24. Throughout his employment with Defendants, Plaintiff was regularly worked more than forty (40) hours each week.

25. From September 2016 through November 2016, Plaintiff worked 5 days a week, Monday through Friday, from 7:00 a.m. to 4:00 p.m.

26. From December 2016 through 2017, Plaintiff worked 5 days a week, Monday through Friday, from 7:00 a.m. to 6:00 p.m.

27. From 2018 through February 2020, Plaintiff worked 6 days a week, Sunday through Friday, from 7:00 a.m. to 6:00 p.m.

28. In March 2020, when the COVID-19 pandemic began, the school closed but Plaintiff continued to work delivering meals to families and cleaning two school buildings.

29. From March 2020 through April 2020, Plaintiff worked 6 days a week, Sunday through Friday, from 7:00 a.m. to 4:00 p.m. or 5:00 p.m.

30. During these months, Plaintiff had to organize the inventory that arrived in the morning to prepare the food and deliveries for approximately 700 people.

31. Plaintiff also performed other maintenance in the school buildings, such as repairing desks, changing water filters, repairing sinks, since the girls were not in class.

32. Plaintiff was paid a flat weekly salary that was not inclusive of overtime.

33. From September 2016 through November 2016, Plaintiff was paid $800 per week.

34. From December 2016 through 2017, Plaintiff was paid $960 per week.

35. From 2018 through 2020, Plaintiff was paid $1,100 per week.

36. In April 2020, Melamed and Plaintiff's manager, Moshe Ehrenfeld ("Ehrenfeld"), asked Plaintiff to remodel some parts of the school building and offered to pay Plaintiff an hourly rate of $20.

37. Plaintiff asked Melamed and Ehrenfeld if he would also be paid properly for overtime.

38. Melamed and Ehrenfeld responded that they would not pay him for overtime because they were paying him "off the books."

39. Melamed and Ehrenfeld added that they would think about it and call him back when they wanted Plaintiff to return back to work.

40. Neither Melamed nor Ehrenfeld ever called back Plaintiff.

41. Plaintiff was paid weekly in currency (cash).

42. Plaintiff never received paystubs stating how much he was paid.

43. Defendants never took withholdings from his weekly pay.

44. Defendants never discussed overtime compensation or overtime work with Plaintiff.

45. From 2016 through 2019, Plaintiff was required to clock in and clock out.

46. Despite this, Plaintiff never received an accurate written record of his pay, regular hours worked or overtime hours worked.

**Defendants' Violations of the Wage Theft Protection Act**

47. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

48. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the regular or overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

49. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
## FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

52. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

53. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

56. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

57. Defendants' failure to pay required overtime was willful.

58. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Provide Wage Notices

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

61. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

62. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, for a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
## New York Labor Law – Failure to Provide Wage Statements

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

65. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

66. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, for a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Bais Tziporah Inc., and Moshe Melamed, jointly and severally, as follows:

(a) Damages for the unpaid overtime pay due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(c) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, for a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, for a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(g) For such other further and different relief as this Court deems just and proper.

Dated: April 16, 2021
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

**CAMPOLO MIDDLETON & MCCORMICK, LLP**

By: */s/ Yale Pollack*
Yale Pollack, Esq.
4175 Veterans Memorial Highway
Ronkonkoma, NY 11779
(631) 738-9100
ypollack@cmmllp.com

*Attorneys for Plaintiff*